Argued and submitted September 5, 1986, affirmed March 11, 1987

In the Matter of the Suspension of
the Driving Privileges of
George Robert Higgins, Petitioner.

HIGGINS,
*Appellant,*

*v.*

MOTOR VEHICLES DIVISION,
*Respondent.*

(85-0344; CA A37576)

733 P2d 954

John G. Meyer, Lincoln City, argued the cause and submitted the brief for appellant.

Robert M. Atkinson, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Petitioner appeals a judgment affirming an order of the Motor Vehicles Division (MVD) suspending his driving privileges. He argues that the suspension should be set aside, because the circuit court failed to conduct a hearing within the time required by Uniform Trial Court Rule 10.070(1).[1] We affirm.

Petitioner was arrested for driving under the influence of intoxicants and refused to take an Intoxilyzer test. His driver's license was suspended after an MVD hearing, effective February 11, 1985. He petitioned the circuit court for judicial review of the suspension pursuant to *former* ORS 482.541. The record was deemed settled on March 25. Petitioner's memorandum was filed April 8. On May 4, he filed a motion to disqualify the judge. An order granting petitioner's motion was issued on June 20. On July 15, petitioner filed a motion to reinstate his driving privileges and declare the order of suspension "null and void." The motion was denied and, after a telephone conference on September 18, judgment was entered suspending petitioner's license.

■ Petitioner was entitled to a hearing by May 13, 1985, under UTCR 10.070(1), which provides:

"Unless waived in writing by both parties, the court shall schedule a hearing date as required by ORS 482.541(6); which shall be within 35 days of the filing of the petitioner's memorandum of points and authorities or the settlement of the record, whichever occurs later, and the court shall notify the parties of the date."

Because the circuit court failed to comply with the rule, petitioner argues that he should be granted the remedy of dismissal. He argues that, under Article I, section 10, of the Oregon Constitution he is entitled to a hearing within the time limits of the court rules.

■ Section 10 provides, in part:

"No court shall be secret, but justice shall be administered, openly and without purchase, completely and without delay * * *."

---

[1] Petitioner's brief does not comply with ORAP 7.19. We consider the assignment of error only because it is apparent on the face of the record.

The constitutional provision applies to all proceedings, not just criminal ones, *State v. Dykast,* 300 Or 368, 373, 712 P2d 79 (1985), and addresses the administration of justice. *Haynes v. Burks,* 290 Or 75, 81, 619 P2d 632 (1980). In a criminal proceeding, dismissal of a charge brought by the state may be warranted for violation of the constitutional directive, *see Haynes v. Burks, supra,* but petitioner makes no cogent argument, nor is there one to make, why dismissal is required in this non-criminal proceeding.

Had the delay been occasioned by willful resistance on the part of MVD, sanctions are available under UTCR 1.090.[2] Petitioner makes no claim that MVD is responsible for the delay but argues only that the delay was caused by matters "in control of the court system." Section 10 does not mandate that an opposing party's civil action be dismissed because of a delay by the court system.

Affirmed.

---

[2] Uniform Trial Court Rule 1.090 provides:

"(1) For failure to file a pleading or other document in the manner, the form or the time required by these rules or local rules, the court may strike the pleading or document.

"(2) For willful and prejudicial resistance or refusal to comply with UTCR or local rules, the court, on its own motion or that of a party after opportunity for a hearing, may award reasonable costs, expenses and attorneys fees incurred by a party, attorney or the court as a result of that failure, strike the offending pleading or other document, or treat as established an allegation or claim."